# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.  2:23-cv-02012-JLS-JC | Date: May 06, 2023 |
| Title:  Nora Gutierrez v. Dave and Matt Vans, LLC | |

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| V. R. Vallery | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS:** **(IN CHAMBERS)  ORDER GRANTING PLAINTIFF'S MOTION TO REMAND TO SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES, CASE NO. 23STCV00987 (Doc. 15)**

Before the Court is a Motion to Remand Case to Superior Court of California, County of Los Angeles filed by Plaintiff Nora Gutierrez ("Gutierrez").  (Mot., Doc. 15.)  Defendant Dave and Matt Vans, LLC ("D&MV") opposed, and Gutierrez replied.  (Opp., Doc. 19; Reply, Doc. 20.)  Having taken the matter under submission and considered the parties' briefs and other papers on file in this action, the Court GRANTS Gutierrez's Motion and REMANDS this matter, Case No. 23STCV00987, to Los Angeles Superior Court.

**I.     BACKGROUND**

This is a putative class action brought against D&M for alleged violations of the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 631.  (*See generally* Ex. A to Farkas Decl., Doc. 1-1 at 3–24.)  Gutierrez alleges that D&MV has engaged in the "practice of (a) secretly wiretapping the private conversations of everyone who communicates through the third-party chat application on https://dmvans.com/ . . . and (b) paying third parties . . . to eavesdrop on such communications in real time in order to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-02012-JLS-JC                                                                                    Date: May 06, 2023
Title:  Nora Gutierrez v. Dave and Matt Vans, LLC

harvest data from those conversations for financial gain." (Complaint ¶ 1, Doc. 1-1 at 13–23.)  Gutierrez seeks statutory damages, injunctive relief, and other appropriate relief for herself and a class comprised of all persons in California who have used the chat feature on the D&M website and have had their communications recorded or eavesdropped on without consent.  (*Id.* ¶¶ 5, 31–32.)  Gutierrez alleges that she "does not know the number of Class members, but estimates it to be greater than 100 individuals, if not many more." (*Id.* ¶ 33.)  She asserts one cause of action under the CIPA.  (*Id.* ¶¶ 46–52.)

Gutierrez initially filed her action in the Superior Court of California for the County of Los Angeles on January 17, 2023.  (Notice of Removal ("NOR") ¶ 1., Doc. 1.)  D&MV received service of process on February 17, 2023 and timely removed the case to this Court on March 17, 2023 under the Class Action Fairness Act ("CAFA"), codified in relevant part at 28 U.S.C. § 1332(d).  (*Id.* ¶¶ 5–20.)  On April 17, 2023, Gutierrez moved to remand this case to the Los Angeles Superior Court.  (Mot.)

## II.   LEGAL STANDARD

"[CAFA] vests federal courts with original diversity jurisdiction over class actions if: (1) the aggregate amount in controversy exceeds $5,000,000, (2) the proposed class consists of at least 100 class members, (3) the primary defendants are not States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief, and (4) any class member is a citizen of a state different from any defendant." *Mortley v. Express Pipe & Supply Co.*, 2018 WL 708115, at *1 (C.D. Cal. Feb. 5, 2018) (Staton, J.) (citing *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1020–21 (9th Cir. 2007)); 28 U.S.C. § 1332(d).[1]

---

[1] Moreover, "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-02012-JLS-JC                                                         Date: May 06, 2023
Title:  Nora Gutierrez v. Dave and Matt Vans, LLC

"In determining the amount in controversy [under CAFA], courts first look to the complaint.  Generally, 'the sum claimed by the plaintiff controls if the claim is apparently made in good faith.'"  *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (quoting *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 289 (1938)).  Where damages are not explicitly pleaded or evident from the face of the complaint, and federal jurisdiction is questioned on that basis, "the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million."  *Id.* (citing *Rodriguez v. AT&T Mobility Services LLC*, 728 F.3d 975, 981 (9th Cir. 2013)).

As this Court explained in *Mortley*, "[a] defendant's preponderance burden 'is not daunting, as courts recognize that under this standard, a removing defendant is not obligated to research, state, and prove the plaintiff's claims for damages.'" 2018 WL 708115, at *2 (quoting *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204–05 (E.D. Cal. 2008)); *and see Unutoa v. Interstate Hotels & Resorts, Inc.*, 2015 WL 898512, at *3 (C.D. Cal. Mar. 3, 2015) ("[A] removing defendant is not required to go so far as to prove Plaintiff's case for him by proving the actual rates of violation.").  This is in line with the Ninth Circuit's characterization of "amount in controversy" as "simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).  The Ninth Circuit has also held that "CAFA's [amount-in-controversy] requirements are to be tested by consideration of [1] *real evidence* and [2] *the reality of what is at stake in the litigation*, using [3] *reasonable assumptions* underlying the defendant's theory of damages exposure." *Ibarra*, 775 F.3d at 1198 (emphasis added).  Hence, beyond actual evidence, district courts may consider context and make reasonable assumptions when evaluating a removal premised on CAFA jurisdiction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-02012-JLS-JC                                                               Date: May 06, 2023
Title:  Nora Gutierrez v. Dave and Matt Vans, LLC

### III.   DISCUSSION

Gutierrez argues that this action must be remanded because D&MV has failed to establish by a preponderance of the evidence that the amount in controversy exceeds $5,000,000.  (Mot. at 1–2; Reply at 1.)  Specifically, Gutierrez contends that D&MV's estimate for the amount in controversy is based on a willful misquotation of her Complaint's allegations.  (Reply at 1.)

For its part, D&MV argues that the amount in controversy here exceeds the $5,000,000 CAFA jurisdictional threshold on the following grounds:

> The Complaint does not quantify the number of alleged wiretaps at issue, or otherwise quantify the amount of damages sought.  The Complaint alleges Plaintiff "does not know the number of Class Members but believes the number to be in the hundreds, *if not more*."  (*See* Complaint ¶ 33 (emphasis added)).  Thus, the amount in controversy reasonably exceeds the $5,000,000 to satisfy CAFA's amount in controversy requirement (i.e., $2,500 in statutory damages per violation of Cal. Penal Code Section 631, multiplied by 2,000 putative class members alone equals $5,000,000 for alleged violations of CIPA).  With the threat of actual damages and attorneys' fees, the amount in controversy requirement is easily met.

(NOR ¶ 20; Opp. at 2–3.)  In opposing remand, D&MV has not presented any evidence that indicates that its alleged violations could number in the thousands—its argument is that the face of the Complaint indicates a number of violations that could yield an aggregate statutory damages award under CIPA above $5,000,000.  (Opp. at 3–4.)

Gutierrez is correct: D&MV misrepresents what the Complaint states.  The Complaint does not state that the number of class members is "in the hundreds, if not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-02012-JLS-JC                                        Date: May 06, 2023
Title:  Nora Gutierrez v. Dave and Matt Vans, LLC

more," but rather that Gutierrez estimates that number "to be greater than 100 individuals, if not many more." (Complaint ¶ 33.)  Thus, the plain language of the Complaint does not provide sufficient support for D&MV's contention that it faces liability for thousands of violations.  Nor does any other evidence in the record before the Court provide a foundation for that assumption.

Ultimately, it is D&MV's burden to demonstrate a sufficient amount in controversy by a preponderance of the evidence, and D&MV has failed to provide any evidence to support its assumption as to the number of violations at issue.  *Gonzalez v. Randstad Pros. US, LLC*, 2022 WL 17081053, at *4 (C.D. Cal. Nov. 18, 2022) (Staton, J.) (holding that the defendant had failed to meet its burden to prove a sufficient amount in controversy when it had offered only speculative labor code violation rates); *Toribio v. ITT Aerospace Controls LLC*, 2019 WL 4254935, at *4 (C.D. Cal. Sept. 5, 2019) ((holding that it is the defendant's burden to prove a sufficient amount in controversy and that the plaintiff has no obligation to offer competing figures).  Because D&MV has failed to meet its burden in proving that the amount in controversy exceeds CAFA's $5,000,000 threshold, Gutierrez's Motion is GRANTED.

### IV.     CONCLUSION

For the above reasons, the Court GRANTS Gutierrez's Motion and REMANDS this action to the Superior Court of California, County of Los Angeles, Case No. 23STCV00987.

Initials of Deputy Clerk: vrv